# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE BIG LOTS, INC.
SHAREHOLDER LITIGATION

Civil Actions 2:12-cv-445
Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on a proposed scheduling order dispute concerning whether merits discovery should proceed and the extent of discovery that should be allowed regarding the Special Litigation Committee's Motion to Dismiss (Doc. 100).

## I. BACKGROUND

Between May 21, 2012, and July 2, 2012, Plaintiffs commenced stockholder derivative actions in this Court alleging breaches of fiduciary duty, unjust enrichment, and other violations of law by certain current and former officers and directors of Big Lots, Inc. ("Big Lots"). (*See* Doc. 1; Case No. 12-cv-447, Doc. 1; Case No. 12-cv-590, Doc. 1).

Four years later, on October 20, 2016, Nominal Defendant Big Lots filed a Motion to Stay all proceedings in this case until the company's Special Litigation Committee ("SLC"), formed on August 1, 2016, had sufficient time to evaluate the merits of the remaining claim and prepare a report of its findings (hereinafter, "SLC Report" or "Report"). (Doc. 76 at 1; *see also* Doc. 98 at 5). After full briefing and a status conference on the issue, the Court granted a short stay on December 15, 2016, to allow the SLC to perform an unencumbered investigation. (Doc. 81). In that same Order, the Court noted Big Lots representation that the SLC's review would be conducted in a timely fashion and the parties' representations that "while depositions remain, all

document discovery [was] complete." (*Id.* at 1). The Court concluded this posture allowed for a short stay without unduly prejudicing Plaintiffs. (*Id.*).

The SLC completed its review of over 293,000 documents and submitted its 140-page report (which concludes that it is in the best interests of the company that this litigation be dismissed) to the undersigned for *in camera* review on April 14, 2017. (*See* Doc. 89, PAGEID #: 1509). On April 21, 2017, the Court allowed the SLC to file its Report under seal (Doc. 88), and the SLC distributed its Report and appendices to all parties. In its April 21, 2017 Order, the Court directed the parties to meet and confer regarding what discovery was still outstanding, what discovery was needed based on the SLC Report, and a proposed case schedule moving forward. (Doc. 88). The Court also directed the parties to file a joint status report with the result of those discussions. (*Id.*). Although the parties submitted a "joint" status report on May 1, 2017, it was anything but mutual. (Doc. 94). According to the status report, despite discussions on two separate occasions, the parties were unable to agree on whether merits discovery should proceed or how discovery related to the SLC Report should move forward. (*See id.*). Instead, the parties submitted two vastly different proposed schedules. (*Id.*).

In brief, the SLC argues that merits discovery is not appropriate and the litigation should not proceed while the SLC's Motion to Dismiss (Doc. 100) pends. (*Id.* at 1). Put another way, the SLC believes that any scheduling order should limit briefing and discovery to only that which is related to the Motion to Dismiss. (*Id.*). Further, the SLC seeks to limit the type of discovery Plaintiffs may conduct in conjunction with opposing the SLC's Motion to Dismiss. Accordingly, the SLC proposes the following schedule:

Proposed Schedule on the SLC's Motion to Dismiss
- The SLC shall file its motion to dismiss within 5 business day after a ruling is issued on the pending motion to enlarge the page limit to 30 pages;

- Any party supporting the SLC's motion to dismiss shall file its or their memorandum in support within 14 days after the motion to dismiss is filed;

- Plaintiffs shall file their memorandum in opposition to the motion to dismiss within 60 days after the motion to dismiss is filed;

- The SLC shall file its reply memorandum within 14 days after the opposition is filed;

Proposed Discovery Schedule on SLC Report/Motion to Dismiss Only:
- Plaintiffs shall file their initial written discovery requests and a request for any depositions on or before May 12, 2017. Such requests shall be limited to discovery necessary to respond to the motion to dismiss;

- The SLC shall respond to the initial written discovery requests and any request for depositions on or before May 19, 2017;

- In the event the parties are not able to resolve any differences between them regarding the written discovery and deposition requests, Plaintiffs shall promptly file a motion to compel discovery. The SLC and any other party opposing the motion shall file a memorandum in opposition to the motion to compel within 10 business days. Upon the filing of a motion to compel, the parties shall advise the Court that a motion has been filed and seek the scheduling of a status conference for the purpose of promptly resolving the motion so proceedings on the motion to dismiss can move forward expeditiously.

(Doc. 94 at 3–4).

In contrast, Plaintiffs assert that merits discovery should proceed immediately, including expert depositions, summary judgment motions, and trial, as well as discovery on the SLC's Motion to Dismiss. (*Id.*). Their proposed schedule is as follows:

Proposed Schedule on the SLC's Motion to Dismiss
- Plaintiffs shall serve written discovery requests on or before May 12, 2017;

- The SLC shall identify the documents it reviewed and/or cited in the SLC Report that it will not produce by May 12, 2017;

- The SLC (and/or Big Lots) will produce the documents it reviewed and/or cited in the SLC Report that it has agreed to produce by May 22, 2017;

- Responses and objections to Plaintiffs' first requests for production of documents shall be due May 26, 2017;

- Responses and objections to Plaintiffs' first set of interrogatories shall be due June 2, 2017;

- Substantial completion of the document production shall be complete by June 16, 2017;

- The SLC produces privilege and redaction log by June 27, 2017;

- Plaintiffs serve all deposition notices by July 12, 2017;

- Deadline for Plaintiffs and the SLC to file any discovery motions is August 2, 2017;

- Completion of SLC depositions shall occur by either October 20, 2017, or 60 days after the Court rules on the final discovery motion;

- Plaintiffs' shall file opposition to the SLC's motion to dismiss 60 days after the completion of SLC depositions;

- The SLC's reply is due 30 days after Plaintiffs file their opposition;

- Plaintiffs' file a sur-reply 14 days after the SLC files its reply.

  <u>Proposed Merits Schedule:</u>
- Merits discovery is completed by June 30, 2017;

- Expert reports and expert discovery is completed by August 21, 2017;

- Summary judgment motions are due August 28, 2017;

- Trial occurs mid-November 2017.

(Doc. 94 at 2–3).

The day after the joint status report was filed, counsel for the SLC filed a nineteen-page memorandum in support of its proposed scheduling order. (Doc. 95-1). Having not anticipated (or even allowed) briefing on the matter, and in the interests of fairness, the Court entered an Order on May 3, 2017, allowing Plaintiffs to file a Response. After the Court issued its Order, the Individual Defendants in this matter filed a short Supplemental Memorandum in Support of

4

the SLC's proposed scheduling order (Doc. 97), and Plaintiffs filed their Response on May 10, 2017 (Doc. 98).

## II. DISCUSSION

In its memorandum of support, the SLC argues that (1) merits discovery should not proceed and (2) that the discovery allowed on its Motion to Dismiss should be particularly limited. Consequently, that framework guides this Court's discussion.

### A. Scope of Discovery and Briefing on the Motion To Dismiss (Doc. 100)

"A district court enjoys broad discretion in managing discovery." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) (citing *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). Here, all parties agree that Plaintiffs are entitled to some discovery to support their opposition to the Motion to Dismiss. (Doc. 95-1 at 4; Doc. 98 at 9). And all parties agree that the discovery will be used to challenge the SLC's independence, good faith review of the matter, and reasonableness of its investigation. (Doc. 95-1 at 5 (citing *Miller v. Bargaheiser*, 70 Ohio App. 3d 702, 707 (3d Dist. 1990)); Doc 98 at 9 (citing *Zapata Corp. v. Maldonado*, 430 A.2d 779, 787 (Del. 1981) ("The issues become solely independence, good faith, and reasonable investigation"); *Auerbach v. Bennett*, 47 N.Y.2d 619, 623–64 (1979))).

The SLC argues that the information to which Plaintiffs are entitled is significantly limited, such that Plaintiffs should receive only the SLC's Report and its appendices, "unless they can assert 'particularized facts sufficient to raise any questions about the [committee' members'] independence' or about whether the committee's decision 'was a valid exercise of business judgment.'" (Doc. 95-1 at 5 (citing *Halebian v. Berv*, 548 F. App'x 641, 643 (2d Cir. 2013); *Kokocinski v. Collin*, No. 12-633, 2015 U.S. Dist. LEXIS 132544, at *8–13 (D. Minn. Sept. 30, 2015))). Ultimately, the SLC argues that because of the alleged deference under the

5

business judgment rule afforded to its Report, this Court should narrowly limit the scope of discovery to the Report and its appendices only. (*Id.* at 14).

In contrast, Plaintiffs argue that the limited discovery they seek is appropriate and necessary to oppose the SLC's Motion to Dismiss. (Doc. 98 at 9). Specifically, Plaintiffs seek the following discovery:

> (i) documents the SLC reviewed and/or were cited in the SLC Report that were not produced to Plaintiffs in merits discovery; (ii) documents relating to the formation of the SLC; (iii) documents relating to the selection and retention of the SLC's counsel; (iv) documents relating to the compensation paid or promised to the SLC members and SLC's counsel; (v) documents relating to any of the interviews, inquiries or follow-ups made by the SLC or its counsel during its investigation, including any transcripts, recordings, notes or summaries; (vi) documents relating to the SLC meetings, including any minutes thereof; (vii) drafts of the SLC report and exhibits; (viii) documents relating to the SLC's document retention policy; and (ix) documents relating to work performed or opinions expressed by any financial advisors, accountants or other consultants and advisors retained by the SLC.

(Doc. 98 at 9–10). Notably, Plaintiffs do not seek to depose the SLC's counsel at this time. (*Id.* at 10).

In its memorandum, the SLC spends significant time discussing the purpose of the business judgment rule and the deference it believes should be given to its Report. (*See* Doc. 95-1 at 12–14). This, however, is not the question before the Court. Instead, the question is, "in order to make all necessary arguments against dismissal," what documents, if any, should the Plaintiffs be granted access to beyond the SLC Report and appendices. *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 WL 728329, at *2 (S.D. Ohio March 14, 2008). The scope of any such discovery is discretionary and "should be tailored to the needs of each individual case." *See id.* at *3 (citations omitted); *see also Zapata*, 430 A.2d at 788 ("Limited discovery may be ordered to facilitate such inquiries.").

6

In this case, the SLC had access to over 293,000 documents, reviewed deposition transcripts of at least 10 witnesses, reviewed approximately 30,000 emails, conducted 15 interviews, and retained a securities and corporate governance law expert. (Doc. 89 at PAGEID #: 1509-17). This extensive volume of information was expressly relied upon by the SLC in drafting its Report and the Court finds the information could relate to the SLC's independence, good faith, and reasonableness. Further, without this information, "[P]laintiffs would find it difficult to assess the reasonableness either of the committee's investigation or the conclusions it reached based upon the materials before it." *Ross*, 2008 WL 728329, at * 4. Courts across the country have found that plaintiffs are entitled to review the types of documents Plaintiffs seek here. *See, e.g.*, *Abbey v. Comp. & Commc'ns Tech. Corp.*, No. 6941, 1983 WL 18005, at *3 (Del. Ch. Apr. 13, 1983) (holding that plaintiff was entitled to "the documentary materials utilized or relied upon by the Committee during its investigation," as well as "the deposition of the Special Litigation Committee"); *Ross*, 2008 WL 728329, at * 4 (holding that Plaintiff was entitled to, *inter alia*, witness interviews or summaries of statements and documents relied upon by the committee in reaching its factual and legal conclusions); *Sarnacki ex rel. Smith & Wesson Holding Corp. v. Golden*, 4 F. Supp. 3d 317, 321 (D. Mass. 2014), *aff'd sub nom. Sarnacki v. Golden*, 778 F.3d 217 (1st Cir. 2015) (noting that the Court previously "ordered limited discovery to allow Plaintiff to investigate the adequacy of the SLC," which included all documents relied on by the SLC in its final report, company board minutes respecting the formation and appointment of the SLC, written discovery responses, and depositions of each of the SLC members).

Accordingly, the Court finds that to investigate the SLC properly, and in turn oppose the Motion to Dismiss, Plaintiffs are entitled to the discovery they seek, with one caveat. While

7

Plaintiffs are entitled to documents relating to the compensation paid or promised to the SLC members and SLC's counsel, to be clear, they are not entitled to the billing statements prepared by the SLC's counsel. *See Ross*, 2008 WL 728329, at *5 (denying discovery of billing statements based on the rationale that they are irrelevant and the possibility that the "production of the entirety of the billing statements will create attorney-client privilege issues"). To be sure, the Court is not allowing unfettered discovery on the SLC process and procedures. However, the Court finds that the discovery requests Plaintiffs have articulated are sufficiently limited.

As to the duration of time necessary for briefing the forthcoming motion to dismiss, the SLC notes that under Plaintiffs' proposed schedule, Plaintiffs' opposition brief would not be filed under 228 days after the motion to dismiss was filed. (Doc. 95-1 at 2–3). Instead, the SLC's proposed schedule would give Plaintiffs 60 days to prepare their opposition and conduct any necessary discovery. Although the Court is understandably concerned with the length of this case, the Court is unwilling to cut Plaintiffs' discovery to an unfairly short time frame. For the sake of context, the SLC took 254 days from the date of its inception to produce its Report to the Court. It its memorandum of support, the SLC concedes that while the "investigation was not short," it took only the amount of time necessary to complete a complex internal investigation. (*Id.* at 11). Indeed, the Court agrees that the investigation was in fact complex. Thus, it is reasonable that if Plaintiffs are to defend adequately against the Motion to Dismiss and review the hundreds of thousands of documents the SLC relied on, they too would need more than 60 days.

Consequently, the Court finds Plaintiffs are entitled to the discovery they seek regarding the SLC's Motion to Dismiss and must submit any written discovery requests by May 30, 2017.

Following discovery, Plaintiffs shall file their opposition to the Motion to Dismiss 30 days after their last deposition.

### B. Merits Discovery

The SLC's memorandum continuously emphasizes that merits discovery "would have the impermissible effect of rendering meaningless the entire special litigation committee process." (Doc. 95-1 at 3, 8).

> Permitting litigation on the merits would completely defeat the purpose of the special litigation committee procedure, which is to permit the corporation . . . to determine for itself whether pursuit of the claims is in the best interest of the corporation, and, when not, to avoid the burden and expense of litigation.

(*Id.* at 8). In support, the SLC cites the Principles of Corporate Governance §7.13, cmt-c (2001), which states that allowing merits discovery would "defeat the purpose of the [SLC] procedure if the plaintiff could stretch out the proceeding or otherwise engage in fishing expeditions through expansive discovery requests that made a low-cost settlement preferable to the corporation." (*Id.* at 8–9). Further, the SLC quotes *Kaplan v. Wyatt*, for the proposition that a special litigation committee procedure is designed to dispose of actions before discovery entails: "[T]he entire [SLC] procedure is designed to provide a means, if warranted, to throw a derivative plaintiff out of Court *before he has an opportunity to engage in any discovery* whatever in support of the merits of his cause of action[.]" 484 A.2d 501, 509 (Del. Ch. 1984) (emphasis added), *aff'd*, 499 A.2d 1184 (Del. 1985).

The Principles of Corporate Governance, however, also make clear that discovery should be stayed "[i]n the absence of special circumstances[.]" 2 Principles of Corporate Governance § 7.06 (Am. Law Inst. 1994). The Court finds that special circumstances are present here. The parties already have engaged in extensive merits discovery, with only expert discovery and a few fact depositions remaining. Litigation has been pending for five years, presumably racking up

extensive costs along the way and making low-cost settlement an improbability, and thus not an appropriate policy rationale to consider. Finally, Big Lots chose not to convene the SLC until four years after the litigation began, and after more than 23,000 documents were produced. (*See* Doc. 98 at 10). Regardless of why the SLC was belatedly formed, by expending significant resources to engage in merits discovery prior to forming the SLC, the policy considerations supporting a stay (such as saving resources) carry little weight at this juncture. Put another way, if Big Lots wished to avoid merits discovery, the SLC should have been assembled years ago. Finally, the Court finds that what has been deemed "merits" discovery, and the additional discovery sought by Plaintiffs from the SLC in order to respond to the Motion to Dismiss might overlap. The more efficient path is to allow merits discovery to proceed and avoid line-drawing discovery disputes between these two categories.

Thus, in its discretion, the Court finds the best course is to allow merits discovery to proceed. Plaintiffs have proposed a truncated merits discovery schedule that the Court adopts below, with slight modifications.

## III. CONCLUSION

For the foregoing reasons, the Court finds merits discovery should proceed, as well as complete discovery on the SLC's Motion to Dismiss. The case schedule moving forward is as follows:

<u>Briefing and Discovery Schedule on SLC's forthcoming Motion to Dismiss:</u>

- Plaintiffs shall serve written discovery requests by May 30, 2017;

- The SLC shall identify the documents it reviewed and/or cited in the SLC Report that it will not produce by May 30, 2017;

- The SLC (and/or Big Lots) will produce the documents it reviewed and/or cited in the SLC Report that it has agreed to produce by June 12, 2017;

- Responses and objections to Plaintiffs' first requests for production of documents shall be due by June 12, 2017;

- Responses and objections to Plaintiffs' first set of interrogatories shall be produced by June 19, 2017;

- Document production shall be complete by July 7, 2017;

- The SLC shall produce privilege and redaction log by July 7 2017;

- Plaintiffs must serve all deposition notices by July 21, 2017;

- Completion of SLC depositions shall occur by either October 20, 2017, or 60 days after the Court rules on the final discovery motion, whichever is later;

- Plaintiffs shall file their opposition to the SLC's motion to dismiss 30 days after the completion of SLC depositions;

- The SLC's reply is due 14 days after Plaintiffs file their opposition; and

- **To the extent that discovery disputes arise between the parties, the parties are directed to contact the Court to schedule a status conference on the issue.**

Merits Discovery Schedule:
- Merits discovery is to be completed by July 14, 2017;

- Expert reports and expert discovery is completed by September 5, 2017;

- Summary judgment motions are due October 2, 2017;

- **If Plaintiffs wish to file additional memoranda beyond what is listed above, they may seek leave of court under Local Rule 7.2.**

IT IS SO ORDERED.

Date: May 19, 2017  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE